U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

SEP 02 2005

FILED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| IN RE SMARTFORCE PLC SECURITIES LITIGATION | NO. 02-CV-544-B <br><br> **CHIEF JUDGE PAUL J. BARBADORO** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## PRELIMINARY APPROVAL ORDER

Lead Plaintiffs, the Teachers' Retirement System of Louisiana and Louisiana Sheriffs' Pension and Relief Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and each of the Settlement Class Members, and Defendants Ernst & Young, Chartered Accountants ("EYCA") and Ernst & Young LLP ("E&Y LLP") (collectively, referred to as the "Settling Defendants"), have entered into a settlement of the claims asserted in the class actions consolidated in the above-captioned action (the "Action"), the terms of which are set forth in a Stipulation of Settlement with Defendants Ernst & Young, Chartered Accountants and Ernst & Young LLP dated as of August 31, 2005 (the "Stipulation").

The Settling Parties have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order to preliminarily approve the proposed settlement of the Action, in accordance with the Stipulation, certification by the Court of the Settlement Class in the Action solely for purposes of settlement, and providing notice to Settlement Class Members; and

The Court having read and considered the Stipulation, the proposed Notice of Proposed Settlement with Ernst & Young, Chartered Accountants and Ernst & Young LLP, the proposed Summary Notice of Proposed Settlement, the proposed form of the Proof of Claim and Release,

and the proposed forms of Judgment and other orders relating to the Settlement, and finding that substantial and sufficient grounds exist for entering this Order;

**IT IS HEREBY ORDERED:**

1. For the purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation. Any inconsistencies between the Stipulation and Notice of Proposed Settlement With Ernst & Young, Chartered Accountants and Ernst & Young LLP, Settlement Fairness Hearing And Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") will be controlled by the language of the Stipulation.

2. The Court preliminarily approves the Settlement, as reflected in the Stipulation, as being fair, just, reasonable and adequate, pending a final hearing on the Settlement.

3. Pending final determinations of whether the Settlement should be approved and the Judgment entered, neither the Lead Plaintiffs nor any Settlement Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendant Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

**SETTLEMENT CLASS CERTIFICATION**

4. The Action is conditionally certified for settlement purposes as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a Settlement Class consisting of all Persons who: (1) bought and/or acquired American Depositary Shares ("ADSs") of SmartForce PLC from March 30, 2000 through September 6, 2002; (2) exchanged common stock of SkillSoft Corporation for ADSs of SmartForce PLC in connection with the merger between SmartForce PLC and SkillSoft Corporation on or about September 6, 2002 (the "Merger"); or (3) bought and/or acquired ADSs of SmartForce PLC

and/or SkillSoft PLC from September 6, 2002 to, and including, November 18, 2002. Excluded from the Settlement Class are Defendants, members of the immediate family of each Individual Defendant, any entity in which any defendant has a controlling interest, officers and directors of SkillSoft and their subsidiaries and affiliates, officers and directors of the Settling Defendants and their subsidiaries and affiliates, and the legal representatives, heirs, predecessors, successors and assigns of any such excluded party. Also excluded from the Settlement Class are any Persons who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

5. The Court has determined preliminarily and for the purpose of settlement that (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class that, as to the Settlement and all related matters, predominate over any individual questions; (c) the claims or defenses of Lead Plaintiffs are typical of the claims or defenses of the Settlement Class; (d) Lead Plaintiffs will fairly and adequately protect and represent the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**NOTICE**

6. Lead Plaintiffs shall cause notice of the proposed Settlement, the hearing on the proposed Settlement, and Lead Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses to be provided to Settlement Class Members as follows.

7. Within 10 days of the date of this Order, a copy of the Settlement Notice, together with a copy of the Proof of Claim and Release form (the "Proof of Claim"), substantially in the form annexed hereto as Exhibits 1 and 2, respectively, shall be mailed by first class mail,

postage prepaid, to all Settlement Class Members at the address of each such person as set forth in the records of SkillSoft or its transfer agent; or who otherwise may be identified through further reasonable effort.

8. A Summary Notice of Proposed Settlement With Ernst & Young, Chartered Accountants and Ernst & Young LLP, Settlement Fairness Hearing And Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Summary Notice") substantially in the form annexed hereto as Exhibit 3 shall be published in the national edition of *The Wall Street Journal*.

9. The Court approves the form of Settlement Notice, Summary Notice (together, the "Notices") and Proof of Claim and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in paragraph 7 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitute the best notice practicable under the circumstances.

10. The costs of notification to Settlement Class Members of the Settlement, including printing, mailing and publication of all required notices, shall be paid out of the Settlement Fund. In accordance with the Stipulation, Lead Plaintiffs' Counsel may draw up to $200,000 from the Settlement Fund to pay the costs of notice and settlement administration.

11. Seven days before the date fixed by this Court for the Final Approval Hearing, Lead Plaintiffs' Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Settlement Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

12. All nominees who hold or held SmartForce PLC or SkillSoft PLC publicly traded

ADSs for beneficial owners who are Settlement Class Members are directed to forward the Notice and Proof of Claim to such beneficial owners or, in the alternative, to supply the names and addresses of such beneficial owners to the Claims Administrator as set forth in the Notice.

13. Lead Plaintiffs' Counsel are authorized and directed to prepare any tax returns required to be filed on behalf of the Settlement Fund and to cause any taxes due and owing to be paid from the Settlement Fund.

**HEARING; RIGHT TO BE HEARD**

14. There shall be a hearing (the "Final Approval Hearing") on November 21, 2005 at 10 : 00 a.m. in the United States District Court for the District of New Hampshire, United States Courthouse, 55 Pleasant Street, Concord, New Hampshire 03301 (a) certifying the Settlement Class as defined herein (b) to determine whether the Settlement of the Action is fair, reasonable, and adequate and in the best interests of the Settlement Class and should be finally approved by the Court; (c) to determine whether or not an Order and Final Judgment as provided in Paragraph 11 of the Stipulation should be entered in the Action, *inter alia*, dismissing the Action with prejudice against the Settlement Class and all of its individual members and extinguishing and releasing all Released Claims as defined in the Stipulation, each party to bear its own costs (except as provided therein or herein); (d) to consider the application of Lead Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund; and (e) to hear and rule on such other matters as the Court may deem appropriate. Lead Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses may be heard by the Court at the Final Approval Hearing or at such other time as the Court in its discretion deems appropriate.

15. The Court reserves the right to adjourn the Final Approval Hearing, including

consideration of the application for an award of attorneys' fees, and reimbursement of expenses set forth above, without further notice other than by announcement at the Final Approval Hearing or any adjournment thereof.

16. The Court reserves the right to approve the Settlement at or after the Final Approval Hearing with such modifications as may be consented to by the Parties to the Stipulation and without further notice to the members of the Settlement Class. The Court further reserves the right to enter its Final Judgment as provided in paragraph 11 of the Stipulation, inter alia, dismissing the Action (as defined in the Stipulation) with prejudice as to the Settling Defendants and the Lead Plaintiffs, all members of the Settlement Class and each of them, and their respective representatives, trustees, predecessors, successors, parents, subsidiaries, divisions, heirs, and assigns, and order the payment of attorneys' fees and reimbursement of expenses to attorneys for the Settlement Class, all without further notice to the Settlement Class.

17. Settlement Class Members who received a SkillSoft Settlement Notice in connection with the SkillSoft Settlement shall be bound by all determinations and judgments in the Action including those made in connection with the Stipulation, whether favorable or unfavorable, unless such Settlement Class Members submit a valid and timely request for exclusion in connection with this Settlement with Ernst & Young, Chartered Accountants and Ernst & Young LLP.

18. At the Final Approval Hearing, any member of the Settlement Class who desires to do so may appear personally or by counsel, provided that a notice of appearance is served and filed as hereinafter provided, and show cause, if any,

  (a) why the Settlement should not be approved as fair, reasonable, and in the best interests of the Settlement Class;

  (b) why an Order and Final Judgment should not be entered as provided in paragraph 11 of the Stipulation, *inter alia*,

    (i) dismissing with prejudice the Action and Underlying Actions and all claims, rights, causes of action, suits, matters and issues, known or unknown, that have been or could have been asserted in the Action or any other action that has or could have been brought in this or any other forum, including the Underlying Actions, by the Lead Plaintiffs or by any member of the Settlement Class, whether directly, representatively, derivatively, individually or in any other capacity, against any of the Defendant Released Parties, including, but not limited to the Released Claims, except for claims relating to any party's alleged failure to comply with the terms and conditions of the Stipulation, and all such claims, rights, causes of action, suits, matters and issues shall be compromised, settled, released and dismissed with prejudice and without costs to either party, except as provided in the Stipulation;

    (ii) permanently barring any institution or prosecution by any Settlement Class Member, either directly or in any other capacity, of any action asserting any claim, right or cause of action, including Unknown Claims, that has been or could have been asserted in the Action or Underlying Actions; or

  (c) why the Court should not grant an allowance of reasonable fees and disbursements to the attorneys for the Settlement Class for their services and actual disbursements incurred, to be paid from the Settlement Fund; provided, however, that unless the Court in its discretion otherwise directs, no member of the Settlement Class or any other person (excluding a party) shall be heard or shall be entitled to contest any of these matters and no

-7-

papers, briefs, pleadings, or other documents submitted by any member of the Settlement Class or any other person (excluding a party) shall be received and considered, except by Order of the Court for good cause shown, unless, no later than ten (10) business days prior to the Final Approval Hearing the following documents are served and filed in the manner provided below:

    (i)    a Notice of Intention to Appear;

    (ii)    a detailed statement of such person's specific objections to any matter before the Court;

    (iii)    proof of membership in the Settlement Class; and

    (iv)    the grounds for such objections and any reasons why such person desires to appear and be heard, as well as all documents and writings which such person desires the Court to consider. Such documents shall be filed with the Clerk of the Court, United States District Court for the District of New Hampshire, 55 Pleasant Street, Concord, New Hampshire 03301, and served by overnight mail or hand delivery upon the following counsel:

### *COUNSEL FOR LEAD PLAINTIFFS*

| | |
|---|---|
| Glen DeValerio, Esq. | Max W. Berger |
| Kathleen M. Donovan-Maher | Jeffrey N. Leibell |
| Nicole R. Starr | Joseph A. Fonti |
| Berman DeValerio Pease Tabacco | Bernstein Litowitz Berger & Grossmann LLP |
| Burt & Pucillo | 1285 Avenue of the Americas |
| One Liberty Square | New York, New York 10019 |
| Boston, Massachusetts 02109 | |

### *COUNSEL FOR SETTLING DEFENDANTS*

| | |
|---|---|
| George H. Brown | Matthew J. Matule |
| Howard S. Caro | Skadden, Arps, Slate, |
| Heller Ehrman LLP | Meagher & Flom LLP |
| 275 Middlefield Road | One Beacon Street |
| Menlo Park, CA 94025 | Boston, MA 02108 |

19. Unless the Court otherwise directs, no member of the Settlement Class or other person shall be entitled to object to the Settlement, or to the Final Judgment to be entered

herein, or otherwise to be heard, except by serving and filing written objections as described above. Any person who fails to object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action.

20. Any Settlement Class Member who wishes to be excluded from the Settlement Class must make such exclusion in writing and include:

    i. name;

    ii. address;

    iii. telephone number; and

    iv. documentation verifying membership in the Settlement Class, including all purchases and sales of SkillSoft and/or SmartForce ADSs during the Settlement Class Period.

21. Such request for exclusion must be filed with the Court, served on counsel for the parties as set forth in paragraph 18 above, and mailed by first-class postage pre-paid to the Claims Administrator designated by Lead Plaintiffs' Counsel no later than ten (10) business days prior to the Final Approval Hearing Date.

22. Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable and regardless of whether such Settlement Class Member executes and delivers a Proof of Claim.

23. Any Settlement Class Member who wishes to participate in the Settlement must either (i) have submitted a valid Proof of Claim in connection with the SkillSoft Settlement or (ii) if not already done so, complete and submit a Proof of Claim in accordance with the

instructions contained therein. Unless otherwise ordered by the Court, all Proof of Claim Forms must be completed and submitted no later than January 23, 2006~~XXX~~. Unless otherwise ordered by the Court, any Settlement Class Member who does not complete and submit a valid Proof of Claim within the time provided shall be barred from sharing in the distribution of the Net Settlement Fund. However, any Settlement Class Member who previously submitted a valid proof of claim and release form in connection with the SkillSoft Settlement is not required to submit an additional Proof of Claim in order to participate in this Settlement. Nevertheless, and notwithstanding the language of the release contained in the proof of claim and release form in connection with the SkillSoft Settlement, the releases set forth in the Proof of Claim shall be deemed to apply to such Settlement Class Members and shall become operative as to the Settling Defendants and Defendant Released Parties on the Effective Date of the Settlement and the Judgment.

24. The Court shall consider the Fee and Expense Application separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceedings relating to the Fee and Expense Application, or any appeal from any orders relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action set forth therein.

25. Upon the Effective Date, all Released Claims that have been or could have been asserted against the Defendant Released Parties in the Action or any other action that has or could have been brought in this or any other forum, including the Underlying Actions, by the Lead Plaintiffs or by any member of the Settlement Class, as defined herein (except those who validly exclude themselves from the Settlement Class), shall be compromised, settled, released

and dismissed with prejudice and without costs to any Party, except as otherwise set forth herein.

26. Upon the Effective Date, all Released Claims that have been or could have been asserted against the Plaintiff Released Parties in the Action or any other action that has or could have been brought in this or any other forum, including the Underlying Actions, by the Settling Defendants or the Defendant Released Parties, shall be compromised, settled, released and dismissed with prejudice and without costs to any Party, except as otherwise set forth herein.

27. If the Settlement provided for in the Stipulation shall be approved by the Court following the Final Approval Hearing, an Order and Final Judgment shall be entered as described in the Stipulation.

28. If the Stipulation is not approved by the Court, is terminated or is voided by the Settling Defendants or Lead Plaintiffs in accordance with paragraph 34 of the Stipulation or shall not become effective for any reason whatsoever, this Action shall proceed, completely without prejudice to any Party as to any matter of law or fact, as if the Stipulation had not been made and had not been submitted to the Court (except as provided in the Stipulation), and neither the Stipulation nor any provision contained in the Stipulation nor any action undertaken pursuant thereto nor the negotiation thereof by any party shall be deemed a presumption, concession or admission by any Settling Defendant in the Action of any fault, liability, or wrongdoing as to the facts or claims alleged or asserted in the Action, or any other actions or proceedings, and shall not be offered or received in evidence or otherwise used by any Person in the Action or interpreted, construed, deemed, invoked in any other action or proceeding, whether civil, criminal, or administrative. Certification of the Settlement Class for purposes of the Settlement shall not constitute certification of the Settlement Class for any other purposes.

29. Neither the Stipulation nor the settlement contained therein, nor any act performed nor document executed pursuant to or in furtherance of the Stipulation or the settlement; (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Settling Defendants or the Defendant Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault of omission of any of the Settling Defendants or the Defendant Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

30. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as funds shall be distributed pursuant to the Stipulation, and/or further order from the Court.

31. The Court hereby retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated: Sep 2, 2005

UNITED STATES DISTRICT JUDGE

SkillSoft/S/ Preliminary Approval Order_EY_FINAL