## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| IN RE SMARTFORCE PLC<br>SECURITIES LITIGATION | : | NO.  02-CV-544-B |
|  | : |  |
|  | : | **CHIEF JUDGE PAUL J. BARBADORO** |
|  | : |  |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | : |  |
|  | : |  |
|  | : |  |

## FINAL JUDGMENT APPROVING
## SETTLEMENT AND DISMISSING ACTION AGAINST
## DEFENDANTS ERNST & YOUNG, CHARTERED ACCOUNTANTS AND
## ERNST & YOUNG LLP

On this 21st day of November, 2005, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement between Lead Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants Ernst & Young, Chartered Accountants ("EYCA") and Ernst & Young LLP ("E&Y LLP") (collectively, the "Settling Defendants"), dated August 31, 2005 (the "Stipulation"), which is incorporated herein by reference, are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class Members against the Settling Defendants in the Action (as defined in the Stipulation) now pending before this Court under the above caption; (2) whether a class should be certified; and (3) whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Settling Defendants, and the Released Claims should be released in favor of the Defendant Released Parties, as against all Persons who are Settlement Class Members and who have not requested exclusion therefrom;

It appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all Settlement Class Members reasonably identifiable;

It appearing that a summary notice of the hearing substantially in the form approved by

the Court was published in <u>The Wall Street Journal</u>, pursuant to the specifications of the Court;

It appearing that due notice of the Final Approval Hearing was given in accordance with the Preliminary Approval Order entered by the Court on September 9, 2005 ("Preliminary Approval Order"); the respective parties having appeared by their attorneys of record; the Court having heard and considered evidence in support of the proposed Settlement (as defined in the Stipulation); an opportunity having been given to all other persons requesting to be heard in accordance with the Preliminary Approval Order; the Court having determined that Notice to the Settlement Class (as defined below) certified in the Action pursuant to the Preliminary Approval Order was adequate and sufficient; and the Settlement having been heard and considered by the Court; and

The Court, having considered all matters submitted to it at the hearing and otherwise having determined the fairness and reasonableness of the proposed Settlement of the claims of the Settlement Class Members against the Settling Defendants.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and Underlying Actions and over all parties to the Action, including all Members of the Settlement Class.

3.      Each of the provisions of Rule 23(a) of the Federal Rules of Civil Procedure has been satisfied and the Action has been properly maintained according to the provisions of Rule 23(b) of the Federal Rules of Civil Procedure.  Specifically, based on the record in the Action, this Court expressly and conclusively finds and orders that (a) the Settlement Class as defined in the Preliminary Approval Order is so numerous that joinder of all members is impracticable, (b) there are questions of law and fact common to the Settlement Class, (c) the

2

claims or defenses of Lead Plaintiffs are typical of the claims or defenses of the Settlement Class, and (d) the Lead Plaintiffs will fairly and adequately protect and represent the interests of the Settlement Class.  Moreover, the Court finds that the questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The Action is hereby certified as a class action for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class all Persons who:  (1) bought and/or acquired ADSs of SmartForce PLC from March 30, 2000 through September 6, 2002; (2) exchanged common stock of SkillSoft Corp. for ADSs of SmartForce PLC in connection with the merger between SmartForce PLC and SkillSoft Corp. on September 6, 2002 (the "Merger"); or (3) bought and/or acquired ADSs of SmartForce PLC and/or SkillSoft PLC from September 6, 2002 to, and including, November 18, 2002. Excluded from the Settlement Class are all Defendants, members of the immediate family of each Individual Defendant, any entity in which any defendant has a controlling interest, officers and directors of SkillSoft and their subsidiaries and affiliates, officers and directors of the Settling Defendants and their subsidiaries and affiliates, and the legal representatives, heirs, predecessors, successors and assigns of any such excluded party.

4.      The Court hereby finds that the Notice described herein provided the best notice practicable under the circumstances.  Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.  Due and adequate notice of the proceedings have been given to the Settlement Class Members, and a full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate

3

in the hearing thereon.  Due and adequate notice of the Action was also given to members of the

Settlement Class pursuant to the Preliminary Approval Order entered September 9, 2005, which

provided, *inter alia,* for the Notice of Proposed Settlement to be mailed to all members of the

Settlement Class who could reasonably be identified, and the Court finds that such Notice of

Proposed Settlement offered to members of the Settlement Class the opportunity to request to be

excluded from the Settlement Class, if done so timely and properly.  Thus, it is hereby

determined that all members of the Settlement Class who did not elect to exclude themselves by

written communication postmarked or delivered on or before November 7, 2005, as required in

the Notice of Proposed Settlement and the Preliminary Approval Order are bound by this

Judgment.

5.      The adequacy of representation by Lead Plaintiffs is hereby determined to be

consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process,

and the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.      The Settlement is approved as fair, reasonable and adequate, and in the best

interests of the Settlement Class Members.  The Stipulation and Settlement are hereby finally

approved in all respects, and the Parties to the Settlement are directed to consummate the

Settlement in accordance with the terms and provisions of the Stipulation.

7.      The Action is hereby dismissed without costs and with prejudice in full and final

discharge, compromise, release and waiver of any and all claims which were or could have been

asserted in the Action.

8.      The Court finds that during the course of prosecuting and defending the Action,

the Lead Plaintiffs, the Settling Defendants and their respective counsel have at all times

complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9.      The Plan of Allocation was previously approved as fair and reasonable by this Court on September 29, 2004, and Lead Plaintiffs' Counsel and the Claims Administrator are directed to administer the Settlement Fund in accordance with its terms and provisions.

10.     Settlement Class Members, the successors and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claims against any of the Defendant Released Parties.

11.     The Defendant Released Parties are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claims against any of the Plaintiff Released Parties.

12.     The Released Claims are hereby ordered as compromised, settled, released, discharged and dismissed as to each of the Defendant Released Parties and the Plaintiff Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

13.     Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

        a.      Offered in evidence as proof of liability or a presumption, concession or an admission by any of the Defendant Released Parties of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Action, or otherwise against the Defendant Released Parties, or of any purported liability, fault, wrongdoing or otherwise of the Defendant Released Parties; or

        b.      Offered or received in evidence as proof of a presumption, concession or an admission of any purported liability, wrongdoing, fault, misrepresentation or omission in any statement, document, report or financial statement heretofore or hereafter issued, filed, approved

5

or made by any of the Defendant Released Parties or otherwise referred to for any other reason,
other than for the purpose of and in such proceeding as may be necessary for construing,
terminating or enforcing the Stipulation; or

        c.  Construed as a concession or an admission that the Lead Plaintiffs or the
Settlement Class Members have suffered any damage; or

        d.  Construed as or received in evidence as an admission, concession or
presumption against Lead Plaintiffs or the Settlement Class Members, or any of them, that any of
their claims are without merit or that damages recoverable in the Action would not have
exceeded the Settlement Fund.

14.      However, the Settling Defendants and/or the Defendant Released Parties may file
the Stipulation and/or the Judgment from this Action in any other action that may be brought
against them in order to support a defense or counterclaim based on principles of *res judicata,*
collateral estoppel, release, good faith settlement, judgment for or reduction or any theory of
claim preclusions or issue preclusion or similar defense or counterclaim.

15.      Pursuant to the PSLRA, and as may be provided by applicable federal or state
statutes or common law, all actions and claims for contribution are permanently barred, enjoined
and finally discharged (a) against the Defendant Released Parties; and (b) by the Defendant
Released Parties against any person or entity other than any person or entity whose liability to the
Settlement Class Members has been extinguished pursuant to the Stipulation or this Final
Judgment.  Any future verdict or judgment by one or more Settlement Class Members, based on
claims relating to this Action or its subject matter, against any other person or entity whose
claims for contribution are barred or otherwise rendered unenforceable pursuant to the
Stipulation or the Judgment shall be reduced by the court by the greater of (a) the gross

Settlement Amount set forth in the Stipulation paid to settle the Action, or (b) any proportionate share of liability found to be borne by the Defendant Released Parties.

16.     Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment.

17.     The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make on the motions for approval of: Lead Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses. However, the Settling Defendants shall have no obligation to make any payment into the Escrow Account except as specifically provided in paragraph 2 of the Stipulation, and there shall be no distribution of any of the Settlement Amount to any Settlement Class Member until the Effective Date.

18.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Settlement Amount or any portion thereof or interest thereon, if previously paid by EYCA, shall be returned to EYCA as provided in the Stipulation.

19.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED:  November 21, 2005          /s/  Paul Barbadoro
                                   _____
                                   PAUL J. BARBADORO, U.S.D.J.


cc:  Counsel of Record