UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE SMARTFORCE PLC<br>SECURITIES LITIGATION | No. 02-CV-544-B<br><br>Chief Judge Paul J. Barbadoro |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

## ORDER AUTHORIZING DISTRIBUTION OF THE
## SETTLEMENT FUND

Upon Lead Plaintiffs' Motion for an Order Authorizing Distribution of the Settlement Fund Lead Plaintiffs created in settling with the SkillSoft Defendants and the Ernst & Young Defendants, the Affidavit of Thomas R. Glenn dated February 2, 2007 (the "Glenn Affidavit") and the Affidavit of Kathleen M. Donovan-Maher dated February 2, 2007 in support thereof, and good cause appearing:

IT IS HEREBY ORDERED that:

1. Complete Claim Solutions, Inc. ("CCS" or the "Claims Administrator") shall be paid the sum of $356,378.78 from the Settlement Fund in final payment of the Claims Administrator's fees plus reimbursement of out-of-pocket expenses.

2. The "Authorized Claimants" determined by CCS and contained in Exhibit D to the Glenn Affidavit are hereby approved, and the recognized losses for each claimant listed therein are hereby allowed for purposes of distributing the Settlement Fund.

3. The "Ineligible Claims" listed in Exhibit E to the Glenn Affidavit are hereby disallowed.

{104917-0001 C0270666.1 }

4.  The remaining balance of the Settlement Fund shall be transferred to an account to be established at US Bank, under the supervision of CCS.

5.  CCS shall set aside from the Settlement Fund, prior to distribution, any monies required to pay any tax liabilities and prepare and file any additional income tax returns necessary for proper accounting of the Settlement Fund to the I.R.S.

6.  CCS shall thereupon calculate on a *pro rata* basis the dollar amount of the Settlement Fund to which each claimant whose recognized loss is listed in the Authorized Claimants Listing to the Glenn Affidavit is entitled, and, without further order of the Court, distribute that Settlement Fund to the approved claimants.

7.  The checks for distribution to the eligible claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Plaintiffs' Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its check within said time.

8.  One year after the initial distribution of the Settlement Fund to eligible claimants and after appropriate efforts have been made to have the eligible claimants cash their checks, Lead Plaintiffs' Counsel are authorized, after payment of any unpaid costs or fees incurred in administering the Settlement Fund, to distribute any funds remaining in the Settlement Fund by reason of returned or unpaid checks or otherwise to eligible claimants who have cashed their checks, provided that they would receive at least $10.00 on such re-distribution based on their recognized loss, after payment of any unpaid costs or fees incurred in administering the Settlement Fund for such re-distribution. If, six months after such re-distribution, any funds shall remain in the Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Plaintiffs' Counsel.

Dated this  22   day of  March      ,  2007  .

/s/ Paul Barbadoro
Paul J. Barbadoro
United States District Judge

SkillSoft\S\DIST2

cc:   Counsel of Record